# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| NEODRON LTD., | |
| Plaintiff, | Case No. 6:20-cv-00623 |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG DISPLAY CO., LTD., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST SAMSUNG DISPLAY CO., LTD.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Neodron Ltd. ("Plaintiff" or "Neodron") makes the following allegations against Defendant Samsung Display Co., Ltd. ("Defendant"):

### INTRODUCTION

1.     This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Neodron, each of which generally relate to touchscreen technology: United States Patent Nos. 8,610,009 ("'009 Patent"); 8,847,898 ("'898 Patent"); 7,821,502 ("'502 Patent"); 10,365,747 ("'747 Patent"); and 9,965,106 ("'106 Patent") (collectively, the "Asserted Patents").

2.     Touchscreen technology plays a ubiquitous and important role in countless electronic devices today. Beyond just providing greater usability to smartphones, tablets, and notebooks, touchscreens now fill our lives in public and private spaces, from our homes and cars to the restaurants and stores we visit.

3.      But just a few decades ago, touchscreen technology could only be found in science fiction books and film. Although the underlying science behind touch technology can be traced back to the 1940s, working touchscreens were not conceived and feasible until the mid-1960s, when the first finger-driven touchscreen was invented by E.A. Johnson in 1965 at the Royal Radar Establishment in Malvern, United Kingdom. Since then, it took several generations and major technological advancements for touchscreens to achieve the level of complexity—and convenience—we see and enjoy today.

4.      Built on the fundamental breakthrough that our hands and fingers can form changes in the capacitance of electrodes and electrode-connections when they are in close proximity to them, touch technology has developed rapidly over the years. Along the way, engineers have worked tirelessly to try to overcome the limitations and roadblocks touch technology presents. From conceiving various ways to detect (and correctly ignore) unintentional touches, to minimizing signal "noise," to reducing the latency and power consumption that comes with any complex, multi-part electrical process, there have been many advances to various aspects of the technology—each building a little on a related advancement before it—to get us to the highly advanced state we enjoy today.

5.      These advancements range from fundamental ones, which make basic touch technology work, to optional improvements, which typically represent one technological option that improves aspects of the user experience and functionality of a touchscreen. This infringement action is about the latter: several patented improvements—which took years of research and millions of dollars in U.S. investments to develop, and which are infringed by Defendant's accused products.

**PARTIES**

6.      Plaintiff Neodron Ltd. is an Irish company, having its principal place of business at Suite 23, The Hyde Building, Carrickmines, Dublin 18, Ireland. Neodron is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

7.      On information and belief, Defendant Samsung Display Co., Ltd. is a corporation organized under the laws of South Korea, with its principal place of business at 1 Samsung-Ro, Giheung-gu, Yongin-si, Gyeonggi-Do, 17113, South Korea.

**JURISDICTION AND VENUE**

8.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.

10.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant is a foreign corporation. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,610,009

11.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

12.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,610,009, entitled "Capacitive Touch Sensors." The '009 Patent was duly and legally issued by the United States Patent and Trademark Office on December 17, 2013. A true and correct copy of the '009 Patent is attached as Exhibit 1.

13.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as the Samsung Galaxy Tab A 10.5, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-17 of the '009 Patent. Upon information and belief, Defendant makes, offers for sale, and sells certain infringing products such as touchscreen displays to customers, such as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Apple Inc. and HP Inc., who integrate the infringing products into products that are sold to consumers, such as smartphones, tablets, and laptop computers.

14.     Defendant also knowingly and intentionally induces infringement of claims 1-17 of the '009 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendant has had knowledge of the '009 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '009 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '009 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the

4

Accused Products, despite its knowledge of the '009 Patent, thereby specifically intending for and inducing its customers to infringe the '009 Patent through the customers' normal and customary use of the Accused Products. Upon information and belief, Defendant makes, offers for sale, and sells certain products such as touchscreen displays to customers, such as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Apple Inc. and HP Inc., who integrate the infringing products into infringing products that are sold to consumers, such as smartphones, tablets, and laptop computers.

15.     The Accused Products satisfy all claim limitations of claims 1-17 of the '009 Patent. A claim chart comparing independent claim 1 of the '009 Patent to a representative Accused Product, the Samsung Galaxy Tab A 10.5, is attached as Exhibit 2.

16.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendant has injured Neodron and is liable for infringement of the '009 Patent pursuant to 35 U.S.C. § 271.

17.     Defendant has known of the '009 Patent or has been willfully blind to the '009 Patent, since at least 2015. Upon information and belief, Defendant learned of the '009 Patent under a non-disclosure agreement through its work with Microchip Technology, Inc. and Atmel Corp. to manufacture and supply the Accused Products and other touch-related products. Upon information and belief, Defendant learned of the '009 Patent and its disclosed inventions as a result of its collaboration with Microchip and Atmel, including touchscreen design and function, touch controller design and function, and touch sensor design and function, including the design and function of touch electrodes, such as metal mesh touch electrodes, and the design and function of touch sensing techniques, algorithms, and circuitry.

18.     Defendant has known how the Accused Products are made and has known, or has

been willfully blind to the fact, that making, using, offering to sell, and selling the accused products within the United States, or importing the Accused Products into the United States, would constitute infringement.

19.     Defendant's infringement of the '009 Patent has been, and continues to be, willful and egregious.

20.     As a result of Defendant's infringement and willful infringement of the '009 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and enhanced damages due to Defendant's willful infringement.

21.     Defendant's infringing activities has injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '009 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,847,898

22.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,847,898, entitled "Signal-to-Noise Ratio in Touch Sensors." The '898 Patent was duly and legally issued by the United States Patent and Trademark Office on September 30, 2014. A true and correct copy of the '898 Patent is attached as Exhibit 3.

24.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or

imports certain products ("Accused Products"), such as the Samsung Notebook 9 Pro 15, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-24 of the '898 Patent. Upon information and belief, Defendant makes, offers for sale, and sells certain infringing products such as touchscreen displays to customers, such as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Apple Inc. and HP Inc., who integrate the infringing products into products that are sold to consumers, such as smartphones, tablets, and laptop computers.

25.     Defendant also knowingly and intentionally induces infringement of claims 1-24 of the '898 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendant has had knowledge of the '898 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '898 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '898 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '898 Patent, thereby specifically intending for and inducing its customers to infringe the '898 Patent through the customers' normal and customary use of the Accused Products. Upon information and belief, Defendant makes, offers for sale, and sells certain products such as touchscreen displays to customers, such as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Apple Inc. and HP Inc., who integrate the infringing products into infringing products that are sold to consumers, such as smartphones, tablets, and laptop computers.

26.     The Accused Products satisfy all claim limitations of claims 1-24 of the '898 Patent. A claim chart comparing independent claim 1 of the '898 Patent to a representative Accused

Product, the Samsung Notebook 9 Pro 15, is attached as Exhibit 4.

27.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendant has injured Neodron and is liable for infringement of the '898 Patent pursuant to 35 U.S.C. § 271.

28.     Defendant has known of the '898 Patent or has been willfully blind to the '898 Patent, since at least 2015. Upon information and belief, Defendant learned of the '898 Patent under a non-disclosure agreement through its work with Microchip Technology, Inc. and Atmel Corp. to manufacture and supply the Accused Products and other touch-related products. Upon information and belief, Defendant learned of the '898 Patent and its disclosed inventions as a result of its collaboration with Microchip and Atmel, including touchscreen design and function, touch controller design and function, and touch sensor design and function, including the design and function of touch electrodes, such as metal mesh touch electrodes, and the design and function of touch sensing techniques, algorithms, and circuitry.

29.     Defendant has known how the Accused Products are made and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the accused products within the United States, or importing the Accused Products into the United States, would constitute infringement.

30.     Defendant's infringement of the '898 Patent has been, and continues to be, willful and egregious.

31.     As a result of Defendant's infringement and willful infringement of the '898 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and enhanced damages due to

Defendant's willful infringement.

32.     Defendant's infringing activities has injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '898 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,821,502

33.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

34.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 7,821,502, entitled "Two-Dimensional Position Sensor." The '502 Patent was duly and legally issued by the United States Patent and Trademark Office on October 26, 2010. A true and correct copy of the '502 Patent is attached as Exhibit 5.

35.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as the Samsung Galaxy S8, Samsung Galaxy S8+, Samsung Galaxy Note8, Samsung Galaxy S9, Samsung Galaxy S9+, Samsung Galaxy Note9, Samsung Galaxy S10, and Samsung Galaxy S10+, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-24 of the '502 Patent. Upon information and belief, Defendant makes, offers for sale, and sells certain infringing products such as touchscreen displays to customers, such as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Apple Inc. and HP Inc., who integrate the infringing products into products that are sold to consumers, such as smartphones, tablets, and laptop computers.

36.     Defendant also knowingly and intentionally induces infringement of claims 1-24 of

the '502 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendant has had knowledge of the '502 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '502 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '502 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '502 Patent, thereby specifically intending for and inducing its customers to infringe the '502 Patent through the customers' normal and customary use of the Accused Products. Upon information and belief, Defendant makes, offers for sale, and sells certain products such as touchscreen displays to customers, such as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Apple Inc. and HP Inc., who integrate the infringing products into infringing products that are sold to consumers, such as smartphones, tablets, and laptop computers.

37.     The Accused Products satisfy all claim limitations of claims 1-24 of the '502 Patent. A claim chart comparing independent claim 1 of the '502 Patent to a representative Accused Product, the Samsung Galaxy S9, is attached as Exhibit 6.

38.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendant has injured Neodron and is liable for infringement of the '502 Patent pursuant to 35 U.S.C. § 271.

39.     Defendant has known of the '502 Patent or has been willfully blind to the '502 Patent, since at least 2015. Upon information and belief, Defendant learned of the '502 Patent under a non-disclosure agreement through its work with Microchip Technology, Inc. and Atmel

Corp. to manufacture and supply the Accused Products and other touch-related products. Upon information and belief, Defendant learned of the '502 Patent and its disclosed inventions as a result of its collaboration with Microchip and Atmel, including touchscreen design and function, touch controller design and function, and touch sensor design and function, including the design and function of touch electrodes, such as metal mesh touch electrodes, and the design and function of touch sensing techniques, algorithms, and circuitry.

40.      Defendant has known how the Accused Products are made and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the accused products within the United States, or importing the Accused Products into the United States, would constitute infringement.

41.      Defendant's infringement of the '502 Patent has been, and continues to be, willful and egregious.

42.      As a result of Defendant's infringement and willful infringement of the '502 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and enhanced damages due to Defendant's willful infringement.

43.      Defendant's infringing activities has injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '502 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 10,365,747

44.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

45.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 10,365,747, entitled "Touch-Sensing Panel and Force Detection." The '747 Patent was duly and legally issued by the United States Patent and Trademark Office on July 30, 2019. A true and correct copy of the '747 Patent is attached as Exhibit 7.

46.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as the Samsung Galaxy S8, Samsung Galaxy S8+, Samsung Galaxy Note8, Samsung Galaxy S9, Samsung Galaxy S9+, and Samsung Galaxy Note9, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-21 of the '747 Patent. Upon information and belief, Defendant makes, offers for sale, and sells certain infringing products such as touchscreen displays to customers, such as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Apple Inc. and HP Inc., who integrate the infringing products into products that are sold to consumers, such as smartphones, tablets, and laptop computers.

47.     Defendant also knowingly and intentionally induces infringement of claims 1-21 of the '747 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendant has had knowledge of the '747 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '747 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through its user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '747 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the

Accused Products, despite its knowledge of the '747 Patent, thereby specifically intending for and inducing its customers to infringe the '747 Patent through the customers' normal and customary use of the Accused Products. Upon information and belief, Defendant makes, offers for sale, and sells certain products such as touchscreen displays to customers, such as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Apple Inc. and HP Inc., who integrate the infringing products into infringing products that are sold to consumers, such as smartphones, tablets, and laptop computers.

48.     The Accused Products satisfy all claim limitations of claims 1-21 of the '747 Patent. A claim chart comparing independent claim 16 of the '747 Patent to a representative Accused Product, the Samsung Galaxy S9, is attached as Exhibit 8.

49.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendant has injured Neodron and is liable for infringement of the '747 Patent pursuant to 35 U.S.C. § 271.

50.     Defendant has known of the '747 Patent or has been willfully blind to the '747 Patent, since at least 2015. Upon information and belief, Defendant learned of the '747 Patent under a non-disclosure agreement through its work with Microchip Technology, Inc. and Atmel Corp. to manufacture and supply the Accused Products and other touch-related products. Upon information and belief, Defendant learned of the '747 Patent and its disclosed inventions as a result of its collaboration with Microchip and Atmel, including touchscreen design and function, touch controller design and function, and touch sensor design and function, including the design and function of touch electrodes, such as metal mesh touch electrodes, and the design and function of touch sensing techniques, algorithms, and circuitry.

51.     Defendant has known how the Accused Products are made and has known, or has

been willfully blind to the fact, that making, using, offering to sell, and selling the accused products within the United States, or importing the Accused Products into the United States, would constitute infringement.

52.     Defendant's infringement of the '747 Patent has been, and continues to be, willful and egregious.

53.     As a result of Defendant's infringement and willful infringement of the '747 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and enhanced damages due to Defendant's willful infringement.

54.     Defendant's infringing activities has injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '747 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 9,965,106

55.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

56.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 9,965,106, entitled "Touch Screen with Electrodes Positioned Between Pixels." The '106 Patent was duly and legally issued by the United States Patent and Trademark Office on May 8, 2018. A true and correct copy of the '106 Patent is attached as Exhibit 9.

57.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or

imports certain products ("Accused Products"), such as the Samsung Galaxy S8, Samsung Galaxy

S8+, Samsung Galaxy Note8, Samsung Galaxy S9, Samsung Galaxy S9+, Samsung Galaxy Note9,

Samsung Galaxy S10, and Samsung Galaxy S10+, that directly infringe, literally and/or under the

doctrine of equivalents, claims 1-22 of the '106 Patent. Upon information and belief, Defendant

makes, offers for sale, and sells certain infringing products such as touchscreen displays to

customers, such as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Apple Inc.

and HP Inc., who integrate the infringing products into products that are sold to consumers, such

as smartphones, tablets, and laptop computers.

      58.     Defendant also knowingly and intentionally induces infringement of claims 1-22 of

the '106 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint,

Defendant has had knowledge of the '106 Patent and the infringing nature of the Accused Products.

Despite this knowledge of the '106 Patent, Defendant continues to actively encourage and instruct

its customers and end users (for example, through its user manuals and online instruction materials

on its website) to use the Accused Products in ways that directly infringe the '106 Patent.

Defendant does so knowing and intending that its customers and end users will commit these

infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the

Accused Products, despite its knowledge of the '106 Patent, thereby specifically intending for and

inducing its customers to infringe the '106 Patent through the customers' normal and customary

use of the Accused Products. Upon information and belief, Defendant makes, offers for sale, and

sells certain products such as touchscreen displays to customers, such as Samsung Electronics Co.,

Ltd., Samsung Electronics America, Inc., Apple Inc. and HP Inc., who integrate the infringing

products into infringing products that are sold to consumers, such as smartphones, tablets, and

laptop computers.

59.     The Accused Products satisfy all claim limitations of claims 1-22 of the '106 Patent. A claim chart comparing independent claim 1 of the '106 Patent to a representative Accused Product, the Samsung Galaxy S10, is attached as Exhibit 10.

60.     By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendant has injured Neodron and is liable for infringement of the '106 Patent pursuant to 35 U.S.C. § 271.

61.     Defendant has known of the '106 Patent or has been willfully blind to the '106 Patent, since at least 2015. Upon information and belief, Defendant learned of the '106 Patent under a non-disclosure agreement through its work with Microchip Technology, Inc. and Atmel Corp. to manufacture and supply the Accused Products and other touch-related products. Upon information and belief, Defendant learned of the '106 Patent and its disclosed inventions as a result of its collaboration with Microchip and Atmel, including touchscreen design and function, touch controller design and function, and touch sensor design and function, including the design and function of touch electrodes, such as metal mesh touch electrodes, and the design and function of touch sensing techniques, algorithms, and circuitry.

62.     Defendant has known how the Accused Products are made and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the accused products within the United States, or importing the Accused Products into the United States, would constitute infringement.

63.     Defendant's infringement of the '106 Patent has been, and continues to be, willful and egregious.

64.     As a result of Defendant's infringement and willful infringement of the '106 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendant's

infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and enhanced damages due to Defendant's willful infringement.

65.     Defendant's infringing activities has injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '106 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**PRAYER FOR RELIEF**

WHEREFORE, Neodron respectfully requests that this Court enter:

a.      A judgment in favor of Neodron that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '009 Patent, the '898 Patent, the '502 Patent, the '747 Patent, and the '106 Patent;

b.      A judgment that Defendant has willfully infringed the '009 Patent, the '898 Patent, the '502 Patent, the '747 Patent, and the '106 Patent and that Neodron is entitled to enhanced damages as a result of such willful infringement;

c.      A permanent injunction prohibiting Defendant from further acts of infringement of the '009 Patent, the '898 Patent, the '502 Patent, the '747 Patent, and the '106 Patent;

d.      A judgment and order requiring Defendant to pay Neodron its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '009 Patent, the '898 Patent, the '502 Patent, the '747 Patent, and the '106 Patent; and

e.      A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Neodron, including without limitation, pre-judgment and post-judgment interest;

f.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Neodron its reasonable attorneys' fees against Defendant; and

g.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

### DEMAND FOR JURY TRIAL

Neodron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 9, 2020                         Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw
Philip X. Wang (CA SBN 262239)
pwang@raklaw.com
Neil A. Rubin (CA SBN 250761)
Email: nrubin@raklaw.com
Amy E. Hayden (CA SBN 287026)
Email: ahayden@raklaw.com
Shani Williams (SBN 274509)
Email: swilliams@raklaw.com
Kristopher R. Davis (IL SBN 6296190)
Email: kdavis@raklaw.com
Christian W. Conkle (CA SBN 306374)
Email: cconkle@raklaw.com
Kent N. Shum (CA SBN 259189)
Email: kshum@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025

Phone: (310) 826-7474
Fax: (310) 826-6991

Matthew D. Aichele (VA SBN 77821)
Email: maichele@raklaw.com
**RUSS AUGUST & KABAT**
800 Maine Avenue, SW, Suite 200
Washington, DC 20024
Phone: (310) 826-7474
Fax: (310) 826-6991

***Attorneys for Plaintiff Neodron Ltd.***